Asian stock funds, such as Newport Tiger, and other international funds are generally considered to be especially vulnerable to harm from market timers, who take advantage of time-zone differences and buy and sell fund shares at outdated prices. But the current scandal-related investigations into share trading have found few instances where fund officials allowed their foreign-stock funds to be used for market-timing because of the outsized opportunity to skim profits. As a result, the discovery of market-timing in the Newport Tiger fund is one the few instances where improper trading has been found in such a portfolio of overseas stocks.

At the same time, Columbia Funds accepted so-called sticky assets, according to people familiar with the matter. In sticky-asset deals, market-timers put money in other investment vehicles run by the firm in order to help gain access to certain mutual funds for market-timing.

* * *

Currently, many Columbia Funds tell investors in prospectuses that "the fund is not intended for short-term or frequent trading in its shares." However, during much of the period when the timing arrangements are said to have been in place, Columbia had much stricter language. For example, the November 2002 prospectus language on many Columbia funds said that "the fund does not permit short-term or excessive trading in its shares." Mr. Salmans, the Fleet spokesman, said the change was made in conjunction with the redemption fees and other measures that were believed to be a stronger deterrent to timers than prospectus language.

Meanwhile, according to an administrative complaint filed by the Massachusetts Securities Division, brokers at the former Prudential Securities' Boston office testified that a mutual-fund sales representative—identified by people familiar with the matter as working for Liberty, which was later renamed Columbia— helped them circumvent Liberty's anti-market-timing rules. The brokers testified that the sales rep "knew we were actively trading their funds and was promoting it," according to the complaint.

44.     As such, defendants have breached their fiduciary duties to Plaintiff and the class by lying to investors about their effort to curb market timers by entering into undisclosed agreements intended to boost their fees and permitting the Doe Defendants and others to time the mutual funds.

As a result, defendants have violated the Securities Act, the Exchange Act, the Investment Company Act, and common law fiduciary duties.

## THE COLUMBIA MUTUAL FUNDS' PROSPECTUSES WERE MATERIALLY FALSE AND MISLEADING

45. The Prospectuses falsely stated that the Columbia Funds actively safeguard shareholders from the recognized harmful effects of timing. For example, in language that typically appeared in the Prospectuses, the Prospectus acknowledged that "short-term trading" is harmful to shareholders and represented that the Columbia Funds deter the practice, stating as follows:

> The Fund does not permit short-term or excessive trading in its shares. Excessive purchases, redemptions or exchanges of Fund shares disrupt portfolio management and increase Fund expenses. In order to promote the best interests of the Fund, the Fund reserves the right to reject any purchase order or exchange request, particularly from market timers or investors who, in the advisor's opinion, have a pattern of short-term or excessive trading or whose trading has been or may be disruptive to the Fund. The fund into which you would like to exchange also may reject your request.

46. Given that defendants allowed market timing of its funds to occur, its prospectuses were false and misleading because they failed to disclose the following: (a) that defendants had entered into unlawful agreements allowing the Doe Defendants to time their trading of the Columbia Funds shares; (b) that, pursuant to those agreements, the Doe Defendants regularly timed the Columbia Funds; (c) that, contrary to the representations in the Prospectuses, defendants only enforced their policy against frequent traders selectively; (d) that the defendants regularly allowed the Doe Defendants to engage in trades that were disruptive to the efficient management of the Columbia Funds and/or increased the Columbia Funds' costs; thereby reducing the Columbia Funds' actual performance; and (e) the Prospectuses failed to disclose that, pursuant to the unlawful

agreements, the Doe Defendants benefitted financially at the expense of Columbia Funds' investors including Plaintiff and other members of the Class.

## UNDISCLOSED ADVERSE INFORMATION

47. The market for the Columbia Funds was open, well-developed and efficient at all relevant times. As a result of these materially false and misleading statements and failures to disclose, the Columbia Funds traded at distorted prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired the Columbia Funds relying upon the integrity of the NAV for the Columbia Funds and market information relating to the Columbia Funds, and have been damaged thereby.

48. During the Class Period, defendants materially misled the investing public, thereby distorting the NAV of the Columbia Funds, by allowing the Doe Defendants to time the Columbia Funds.

49. At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and other members of the Class.

## ADDITIONAL SCIENTER ALLEGATIONS

50. As alleged herein, defendants acted with scienter in that defendants knew that the public documents and statements issued or disseminated in the name of the Columbia Funds were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws. As set forth elsewhere herein in detail, defendants, by virtue of their receipt of

information reflecting the true facts regarding the Columbia Funds, their control over, and/or receipt and/or modification of the Columbia Funds allegedly materially misleading misstatements and/or their associations with the Columbia Funds which made them privy to confidential proprietary information concerning the Columbia Funds, participated in the fraudulent scheme alleged herein.

51. Additionally, the defendants were highly motivated to allow and facilitate the wrongful conduct as well as participated in and/or had actual knowledge of the fraudulent conduct alleged herein. In exchange for allowing the unlawful practices alleged herein, the defendants, among other things, received increased management fees from "sticky assets" as well as an increased number of transactions in and out of the funds, and were able to profit from this illegal activity. In short, defendants siphoned money out of the mutual funds and into their own pockets.

52. The defendants were motivated to participate in the wrongful scheme by the enormous profits they derived thereby. They systematically pursued the scheme with full knowledge of its consequences to other investors.

### Applicability Of Presumption Of Reliance: Fraud-On-The-Market Doctrine

53. At all relevant times, the market for the Columbia Funds was an efficient market for the following reasons, among others:

(a) The Columbia Funds met the requirements for listing, and were listed and actively traded on a highly efficient and automated market;

(b) As a regulated issuer, the Columbia Funds filed periodic public reports with the SEC;

(c) The Columbia Funds regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press

releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and

(d) The Columbia Funds were followed by several mutual fund analysts who wrote reports which were distributed to the sales force and certain customers of their respective brokerage firms. Each of these reports was publicly available and entered the public marketplace.

54. As a result of the foregoing, the market for the Columbia Funds promptly digested current information regarding the Columbia Funds from all publicly available sources and reflected such information in the Columbia Funds' NAV. Under these circumstances, all purchasers of the Columbia Funds during the Class Period suffered similar injury through their purchase of the Columbia Funds' NAV at distorted prices and a presumption of reliance applies.

## NO SAFE HARBOR

55. The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this complaint. Many of the specific statements pleaded herein were not identified as "forward-looking statements" when made. To the extent there were any forward-looking statements, there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. Alternatively, to the extent that the statutory safe harbor does apply to any forward-looking statements pleaded herein, defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the particular speaker knew that the particular forward-looking statement was

false, and/or the forward-looking statement was authorized and/or approved by an executive officer of the defendants who knew that those statements were false when made.

## COUNT ONE
## AGAINST THE FUND REGISTRANTS FOR VIOLATIONS OF SECTION 11 OF THE SECURITIES ACT

56.     Plaintiff repeats and realleges each and every allegation contained above as if fully set fort herein, except that, for purposes of this claim, Plaintiff expressly excludes and disclaims any allegation that could be construed as alleging fraud or intentional or reckless misconduct and otherwise incorporates the allegations contained above.

57.     This claim is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. § 77k, on behalf of the Plaintiff and other members of the Class against the Fund Registrants.

58.     The Fund Registrants are the registrants for the Columbia Funds sold to Plaintiff and the other members of the Class and are statutorily liable under Section 11. The Fund Registrants issued, caused to be issued and participated in the issuance of the materially false and misleading written statements and/or omissions of material facts that were contained in the Prospectuses.

59.     Plaintiff was provided with the Columbia Acorn Fund Prospectus and, similarly, prior to purchasing units of each of the other Columbia Funds, all Class members likewise received the appropriate prospectus. Plaintiff and other Class members purchased shares of the Columbia Funds traceable to the relevant false and misleading Prospectuses and were damaged thereby.

60.     As set forth herein, the statements contained in the Prospectuses, when they became effective, were materially false and misleading for a number of reasons, including that they stated that it was the practice of the Columbia Funds to monitor and take steps to prevent timed trading because of its adverse effect on fund investors, and that the trading price was determined as of 4 p.m.

each trading day with respect to all investors when, in fact, select investors (the Does named as defendants herein) were allowed to engage in timed trading. The Prospectuses failed to disclose and misrepresented, *inter alia*, the following material and adverse facts: (a) that defendants had entered into unlawful agreements allowing the Doe Defendants to time their trading of the Columbia Funds shares; (b) that, pursuant to those agreements, the Doe Defendants regularly timed the Columbia Funds; (c) that, contrary to the representations in the Prospectuses, the Columbia Funds only enforced their policy against frequent traders selectively; (d) that the defendants regularly allowed the Doe Defendants to engage in trades that were disruptive to the efficient management of the Columbia Funds and/or increased the Columbia Funds' costs; thereby reducing the Columbia Funds' actual performance; and (e) the Prospectuses failed to disclose that, pursuant to the unlawful agreements, the Doe Defendants benefitted financially at the expense of Columbia Funds' investors including Plaintiff and other members of the Class.

61.     At the time they purchased the Columbia Funds' shares traceable to the defective Prospectuses, Plaintiff and Class members were without knowledge of the facts concerning the false and misleading statements or omissions alleged herein and could not reasonably have possessed such knowledge. This claim was brought within the applicable statute of limitations.

## COUNT TWO
## AGAINST FLEETBOSTON, COLUMBIA ADVISORS, AND COLUMBIA DISTRIBUTORS AS CONTROL PERSONS FOR VIOLATIONS OF SECTION 15 OF THE SECURITIES ACT

62.     Plaintiff repeats and realleges each and every allegation contained above, except that for purposes of this claim, Plaintiff expressly excludes and disclaims any allegation that could be construed as alleging fraud or intentional reckless misconduct and otherwise incorporates the allegations contained above.

63. This Claim is brought pursuant to Section 15 of the Securities Act against FleetBoston, Columbia Advisors, and Columbia Distributors as control persons of the Fund Registrants. It is appropriate to treat these defendants as a group for pleading purposes and to presume that the false, misleading, and incomplete information conveyed in the Columbia Funds' public filings, press releases and other publications are the actions of FleetBoston, Columbia Advisors, and Columbia Distributors.

64. The Fund Registrants are liable under Section 11 of the Securities Act as set forth herein.

65. FleetBoston, Columbia Advisors, and Columbia Distributors are a "control person" of the Fund Registrants within the meaning of Section 15 of the Securities Act, by virtue of their position of operational control and/or ownership. At the time Plaintiff and other members of the Class purchased shares of the Columbia Funds, FleetBoston, Columbia Advisors and Columbia Distributers, by virtue of their positions of control and authority over the Fund Registrants directly and indirectly, had the power and authority, and exercised the same, to cause the Fund Registrants to engage in the wrongful conduct complained of herein. The Fund Registrants issued, caused to be issued, and participated in the issuance of materially false and misleading statements in the Prospectuses.

66. Pursuant to Section 15 of the Securities Act, by reason of the foregoing, FleetBoston, Columbia Advisors, and Columbia Distributors are liable to Plaintiff and the other members of the Class for the Fund Registrants' primary violations of Section 11 of the Securities Act.

67. By virtue of the foregoing, Plaintiff and the other members of the Class are entitled to damages against FleetBoston, Columbia Advisors, and Columbia Distributors.

## COUNT THREE
## VIOLATION OF SECTION 10(b) OF
## THE EXCHANGE ACT AND RULE 10b-5
## PROMULGATED THEREUNDER AGAINST ALL DEFENDANTS

68. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein except for Claims brought pursuant to the Securities Act.

69. During the Class Period, each of the defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did deceive the investing public, including Plaintiff and the other Class members, as alleged herein and caused Plaintiff and other members of the Class to purchase Columbia Funds shares or interests at distorted prices and otherwise suffered damages. In furtherance of this unlawful scheme, plan and course of conduct, defendants, and each of them, took the actions set forth herein.

70. Defendants (I) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Columbia Funds, including Plaintiff and other members of the Class, in an effort to enrich themselves through undisclosed manipulative trading tactics by which they wrongfully appropriated Columbia Funds' assets and otherwise distorted the pricing of their securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5. All defendants are sued as primary participants in the wrongful and illegal conduct and scheme charged herein.

71. Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a

continuous course of conduct to conceal adverse material information about the Columbia Funds' operations, as specified herein.

73. These defendants employed devices, schemes and artifices to defraud and a course of conduct and scheme as alleged herein to unlawfully manipulate and profit from secretly timed trading and thereby engaged in transactions, practices and a course of business which operated as a fraud and deceit upon Plaintiff and members of the Class.

73. The defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing the truth.

74. As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market prices of the Columbia Funds were distorted during the Class Period such that they did not reflect the risks and costs of the continuing course of conduct alleged herein. In ignorance of these facts, the market prices of the shares were distorted, and relying directly or indirectly on the false and misleading statements made by the defendants, or upon the integrity of the market in which the securities trade, and/or on the absence of material adverse information that was known to or recklessly disregarded by defendants but not disclosed in public statements by defendants during the Class Period, Plaintiff and the other members of the Class acquired the shares or interests in the Columbia Funds during the Class Period at distorted prices and were damaged thereby.

75. At the time of said misrepresentations and omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true. Had Plaintiff and the other members of the Class and the marketplace known of the truth concerning the Columbia Funds' operations, which were not disclosed by defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their shares or, if they had acquired such shares or other interests during the Class Period, they would not have done so at the distorted prices which they paid.

76. By virtue of the foregoing, defendants have violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

77. As a direct and proximate result of defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Columbia Funds shares during the Class Period.

## COUNT FOUR
### AGAINST FLEETBOSTON, COLUMBIA MANAGEMENT, COLUMBIA GROUP, COLUMBIA WANGER, COLUMBIA DISTRIBUTOR, AND COLUMBIA REGISTRANTS AS A CONTROL PERSON FOR VIOLATIONS OF SECTION 20(a) OF THE EXCHANGE ACT

78. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein except for Claims brought pursuant to the Securities Act.

79. This Claim is brought pursuant to Section 20(a) of the Exchange Act against FleetBoston, as a control person of Columbia Management, Columbia Group, Columbia Wanger, Columbia Distributor, Columbia Registrants and the Columbia Funds; Columbia Management, Columbia Group, Columbia Wanger, and Columbia Distributor as control persons of Columbia

Registrants and the Columbia Funds; and Columbia Registrants as a control person of the Columbia Funds.

80. It is appropriate to treat these defendants as a group for pleading purposes and to presume that the materially false, misleading, and incomplete information conveyed in the Columbia Funds' public filings, press releases and other publications are the collective actions of FleetBoston, Columbia Management, Columbia Group, Columbia Wanger, Columbia Distributor, Columbia Registrants, and Columbia Funds.

81. FleetBoston, Columbia Management, Columbia Group, Columbia Wanger, Columbia Distributor, Columbia Registrants, and Columbia Funds are controlling persons of the Columbia Funds within the meaning of Section 20(a) of the Exchange Act for the reasons alleged herein. By virtue of their operational and management control of the Columbia Funds' respective businesses and systematic involvement in the fraudulent scheme alleged herein, FleetBoston, Columbia Management, Columbia Wanger, Columbia Group, Columbia Distributor, Columbia Registrants, and Columbia Funds each had the power to influence and control and did influence and control, directly or indirectly, the decision-making and actions of the Columbia Funds, including the content and dissemination of the various statements which Plaintiff contends are false and misleading. FleetBoston, Columbia Management, Columbia Group, Columbia Wanger, Columbia Distributor, Columbia Registrants, and Columbia Funds had the ability to prevent the issuance of the statements alleged to be false and misleading or cause such statements to be corrected.

82. In particular, FleetBoston, Columbia Management, Columbia Group, Columbia Wanger, Columbia Distributor, Columbia Registrants, and Columbia Funds had direct and supervisory involvement in the operations of the Columbia Funds and, therefore, are presumed to

have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

83. As set forth above, FleetBoston, Columbia Management, Columbia Group, Columbia Wanger, Columbia Distributor, Columbia Registrants, and Columbia Funds each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this complaint. By virtue of their positions as controlling persons, FleetBoston, Columbia Management, Columbia Group, Columbia Wanger, Columbia Distributor, Columbia Registrants, and Columbia Funds are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of Columbia Funds' securities during the Class Period.

## COUNT FIVE
## VIOLATION OF SECTION 34(b) OF THE INVESTMENT COMPANY ACT OF 1940 AGAINST ALL DEFENDANTS

84. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

85. This claim for relief is brought pursuant to Section 34(b) of the Investment Company Act of 1940 against defendants.

86. Under Section 34(b) of the Investment Company Act of 1940, it shall be unlawful for any person to make any untrue statement of a material fact in any registration statement, application, report, account, record, or other document filed or transmitted pursuant to this title or the keeping of which is required pursuant to section 31(a) [15 USCS § 80a-30(a)]. It shall be unlawful for any person so filing, transmitting, or keeping any such document to omit to state therein any fact

necessary in order to prevent the statements made therein, in the light of the circumstances under which they were made, from being materially misleading.

87. Here, defendants have made untrue statements of a material fact in their registration statement, application, report, account, record, and/or other documents filed or transmitted pursuant to this title or the keeping of which is required pursuant to section 31(a) [15 USCS § 80a-30(a)].

88. As such, Plaintiffs and other class members have been injured as a result of defendants' untrue statements, and defendants have violated Section 34(b) of the Investment Act of 1940.

## COUNT SIX
## VIOLATION OF SECTION 36(a) OF THE INVESTMENT COMPANY ACT OF 1940 AGAINST ALL DEFENDANTS

89. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

90. This claim for relief is brought pursuant to Section 36(a) of the Investment Company Act of 1940 against defendants. Under Section 36(a), an implied private right of action exists. See McLachlan v. Simon, 31 F. Supp.2d 731 (N.D. Cal. 1998).

91. Under Section 36(a) of the Investment Company Act, defendants shall be deemed to owe a fiduciary duty to Plaintiff and other class members with respect to the receipt of fees and compensation that defendants receive for services of a material nature.

92. Here, defendants have devised and implemented a scheme to obtain substantial fees and other income for themselves and their affiliates by allowing the Doe Defendants to engage in timing of the Columbia Funds throughout the Class Period and in violation of their fiduciary duties to their customers, i.e., Plaintiff and class members.

93. Defendants engaged in such scheme to only benefit themselves and their affiliates by allowing the Doe Defendants to engage in timing of the Columbia Funds named herein in return for substantial fees and other income.

94. Defendants have breached the fiduciary duties owed to Plaintiff and other class members by, among other things, devising this plan and scheme solely for their own benefit and by failing to reveal to them material facts which would allow them to make informed decisions about the true value and performance of the Fund.

95. Plaintiffs and other class members have been injured as a result of defendants' breach of fiduciary duty and violation of Section 36(a) of the Investment Act of 1940.

## COUNT SEVEN
## AGAINST ALL DEFENDANTS
## FOR BREACH OF FIDUCIARY DUTIES

96. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

97. Plaintiff and the Class placed their trust and confidence in defendants to manage the assets they invested in the Columbia Funds.

98. Plaintiff and the Class reasonably expected that the defendants would honor obligations owed to them by, among other things, observing the securities laws and honoring the representations made in the Columbia Funds' prospectuses.

99. The defendants aided and abetted by the other Defendants, who are co-conspirators, breached their fiduciary duties to the Plaintiff and the Class by violating the securities laws and breaching express and implied representations contained in the Columbia Funds' prospectuses for the benefit of the Columbia Funds and each of the other defendants.

100. Each of the Defendants was an active participant in the breach of fiduciary duty and participated in the breach for the purpose of advancing their own interests.

101. Plaintiff and the Class have been specially injured by defendants' wrongdoing. For example, those class members who redeemed their shares during the Class Period received less than what they would have been entitled to had certain individuals not engaged in illegal market timing. Additionally, certain members of the Class (i.e., those who purchased their mutual fund shares legally), were treated differently than those purchasers that were market timers.

102. The defendants, aided and abetted by the other defendants, who are also co-conspirators, acted in bad-faith, for personal gain and in furtherance of his, her or its own financial advantage in connection with the wrongful conduct complained of in this complaint.

103. As a direct and proximate result of the defendants' foregoing breaches of fiduciary duties, Plaintiff and the members of the Class have suffered damages.

104. The defendants, as aiders, abettors, and co-conspirators, are each jointly and severally liable for an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of itself and of the Class pray for relief and judgment, as follows:

(a) Declaring this action to be a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Class defined herein;

(b) Awarding Plaintiffs and the members of the Class damages in an amount which may be proven at trial, together with interest thereon;

(c) Awarding Plaintiffs and the members of the Class pre-judgment and post-judgment interest, as well as their reasonable attorneys' and experts' witness fees and other costs;

(d) Awarding such other and further relief as this Court may deem just and proper including any extraordinary equitable and/or injunctive relief as permitted by law or equity to attach, impound or otherwise restrict the defendants' assets to assure Plaintiffs have an effective remedy; and

(e) Such other relief as this Court deems appropriate.

<u>**JURY TRIAL DEMANDED**</u>

Plaintiff hereby demands a trial by jury.

Date: 2/20/04

Respectfully submitted,

**GILMAN AND PASTOR, LLP**

*/s/ David Pastor*
David Pastor (BBO #391000)
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, Massachusetts 01906
Telephone: 781-231-7850
Fax: 781-231-7840

**SCHIFFRIN & BARROWAY, LLP**
Marc A. Topaz
Richard A. Maniskas
Three Bala Plaza East
Suite 400
Bala Cynwyd, PA 19004
(610) 667-7706

**CAULEY GELLER BOWMAN & RUDMAN, LLP**
Samuel H. Rudman
David Rosenfeld
200 Broadhollow Road, Suite 406
Melville, NY 11747
(631) 367-7100

**Attorneys for Plaintiff**

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

AB Medical Equipment Corp ("Plaintiff") declares, as to the claims asserted under the federal securities laws, that:

1. Plaintiff has reviewed the Complaint and authorizes its filing.

2. Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

3. Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff's transactions in the following Fleet Boston Financial Corporation (Colombia) family of funds that are the subject of this action are as follows¹:

| Fund/Symbol | Buy/Sell | # of Shares | Date | Price |
|---|---|---|---|---|
| Columbia Acorn Fund (LACBX) | Bought | 723.798 | 12/18/01 | $17.27 |
| | | | | |
| | | | | |
| | | | | |

¹List additional transactions on a separate sheet of paper, if necessary.

5. During the three years prior to the date of this Certification, Plaintiff has sought to serve or served as a representative party or a class in the following actions filed under the federal securities laws (if none, so indicate): _____

6. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 2004.

GERALD RUGGIERO, TRUSTEE

2/18/04